UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER ZANIEWSKI, ET AL., <br><br> Plaintiffs <br> v. <br><br> PRRC INC., <br><br> Defendant | 3:11-CV-01535 (CSH) |

**ORDER**

HAIGHT, Senior District Judge:

      The parties in this action filed a Joint Report of Rule 26(f) Planning Meeting [Doc. 31] on December 22, 2011.  In that Report, the parties disagree as to the proper schedule for the Court's decisions on conditional certification of a collective action under the Fair Labor Standards Act and on certification of the state-law classes that Plaintiffs seek under Fed. R. Civ. Pro. 23. Plaintiffs suggest that the Court first decide their Motion for Conditional Certification of a Collective Action, while Defendants suggest that the Court rule simultaneously on the conditional FLSA certification and the certification of Rule 23 classes.

      This Court is persuaded by the practice and opinions of district courts that in comparable circumstances have first decided motions for conditional certification of FLSA collective actions. The Second Circuit Court of Appeals has endorsed the two-step approach to certifying an FLSA collective action.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010).  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs ... [t]he court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

law.'" *Id.* at 555 (internal citations omitted). "At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.* It is this second step, the final certification, that is most similar to the certification of classes under Rule 23. *See Goldman v. RaidoShack Corp.*, 2003 WL 21250571, at *10 (E.D.Penn. April 16, 2003) ("the second tier of the similarly situated inquiry overlaps with the Rule 23 inquiry such that they are properly analyzed together").

District courts have described three reasons for deciding conditional certification of an FLSA collective action first in advance of the decision on certification of Rule 23 classes for state-law claims. First, the final-certification and Rule 23 inquiries overlap, as noted above. *See Goldman* at *10. Second, the parties and the court will have a better understanding of the facts relevant to both the final FLSA certification and the Rule 23 certification after the end of the opt-in period. *Goldman* at *10; *Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357, at *3-4 (D. Or. Dec. 1, 1999) ("it is prudent to defer certifying a [Rule 23] class action to see how many employees do, in fact, choose to opt in to the collective action"); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 683 (D. Kan. Aug. 23, 2004) ("[t]he court will, however, deny the motion without prejudice to plaintiff re-filing a Rule 23 motion for class certification of his state law claims at a later date, perhaps ... after the scope of the opt-in [FLSA] class has been ascertained"). Third, there are advantages to sending two sets of notices at different times. A notice which simultaneously informs class members of their opt-in rights with respect to the FLSA collective action and their opt-out rights with respect to the state-law actions may be confusing to many class members. *Thiebes* at *4; *De La Fuente v. FPM Ipsen Heat Treating,*

*Inc.*, 2002 WL 31819226, at *2 (N.D. Ill. Dec. 16, 2002) (declining to certify a Rule 23 class simultaneously with a conditional FLSA certification).

In this case, if the Court grants conditional certification, the decisions on final certification of the FLSA collective action and certification of Rule 23 classes will be made at the same time, after the end of the opt-in period. If the Court denies conditional certification, it will issue a deadline for motions for certification of Rule 23 classes.

Consequently, the Court will at this time consider Plaintiffs' Motion for Conditional Certification of a Collective Action, while the time for consideration of Rule 23 motions will later be determined.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 2, 2012

      *Charles S. Haight Jr.*
Charles S. Haight, Jr.
Senior United States District Judge