## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER ZANIEWSKI, individually<br>　and on behalf on other similarly situated<br>　Assistant Store Managers, et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>PRRC INC., d/b/a PriceRite<br><br>　　　　　Defendant. | 3:11-CV-01535 (CSH) |

## RULING ON MOTION TO COMPEL

**HAIGHT, Senior District Judge:**

　　The named Plaintiffs in this action allege that Defendant PRRC, Inc. ("PriceRite"), their employer, violated the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by failing to pay them overtime for hours worked in excess of 40 per week.  Plaintiffs hold or held the position of Assistant Store Manager ("ASM") at one or another of PriceRite's multi-state chain of retail grocery stores.

　　In an Opinion and Ruling filed on March 20, 2012 [Doc. 78], familiarity with which is assumed, the Court conditionally certified a collective action under the FLSA on behalf of the named Plaintiffs and all other present and past PriceRite ASMs employed in one or another of all stores in Connecticut, Massachusetts, New York, Rhode Island, Pennsylvania, and Maryland.  In accordance with established FLSA practice, Plaintiffs' counsel are now in a position to send notices to members of this universe of PriceRite ASMs, giving them the choice of opting into the action as additional

1

plaintiffs, or declining to do so.

Plaintiffs coupled their motion for a conditional certification [Doc. 30] with a motion to compel PriceRite to provide the names and contact information for putative plaintiffs who worked as ASMs in Connecticut, Massachusetts and New York [Doc. 36]. That is the motion addressed by this Ruling. Plaintiffs stated repeatedly that they sought these lists not to bolster their motion for an FLSA conditional classification, but rather in aid of future motions they intended to file for the certification under Rule 23, Fed.R.Civ.P., of three classes of ASMs, one class from each of those three states.

Defendant opposed that motion, principally on the ground that "Plaintiffs are not entitled to the pre-certification production of the class list." [Doc. 40] at 1. Expanding on that contention, Pricerite said in its brief [Doc. 40] at 9: "Plaintiffs *have already filed* their motion for conditional certification with respect to their FLSA claims. That motion will either be granted, in which case Defendant likely will be compelled to disclose the class list anyway for purposes of issuing notice to putative class members, or it will be denied, which will confirm Defendant's position that no legitimate basis existed for the production of the class list in the first place."

In those earlier days, counsel and the Court focused upon Plaintiffs' motion for conditional certification of their FLSA claims. Plaintffs' instant motion for the ASM class lists remained pending. Now that the Court has granted Plaintiffs an FLSA conditional certification, I regard the quoted comments from Defendant's brief as prescient, and infer that Plaintiffs' instant motion for the production of class lists is no longer opposed.

If that inference is incorrect, then in the exercise of my discretion I will grant the motion. Pre-certification discovery of potential class lists is favored by most cases considering the question,

within the contexts of Rule 23, FLSA, or both.  *See, e.g., Youngblood v. Family Dollar Stores, Inc.*, No. 09 Civ. 3176, 2011 WL 1742109 (S.D.N.Y. Jan. 5, 2011) (Maas, M.J.) (Rule 23 only, "plaintiffs do not assert any claims under the Fair Labor Standards Act"); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148, 2010 WL 2362981 (S.D.N.Y. June 14, 2010) (Sand, J.) ("Plaintiff brings his claims on behalf of himself and other similarly situated tipped employees as a yet-to-be-certified FLSA collective action and Rule 23 class action").  The policy reasons underlying these decisions granting pre-certification production of employee lists apply *a fortiori* to the case at bar, where an FLSA  collective action has been conditionally certified by the Court.  PriceRite opposed that earlier disclosure because, *inter alia*, it feared that Plaintiffs would use the employee lists to shore up their motion for an FLSA conditional certification.  Certification now having been granted, that particular concern is mooted.  There is no discernible reason why PriceRite should not now produce the requested information, and many reasons why it should.

For these reasons, if production of the information with respect to persons serving as ASMs requested by Plaintiffs in this motion is still opposed by Defendant, Plaintiffs' motion is GRANTED. The parties are directed to proceed in a manner consistent with this Ruling.  The information with respect to the ASMs contained within Plaintiffs' intended Rule 23 motions must be provided by Defendant not later than March 28, 2012.

It is SO ORDERED.

New Haven, Connecticut
March 22, 2012

 *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge