UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

PETER ZANIEWSKI, individually
   and on behalf on other similarly situated
   Assistant Store Managers, et al.,

          Plaintiffs,

v.

PRRC INC., d/b/a PriceRite

          Defendant.

3:11-CV-01535 (CSH)

**RULING ON MOTION FOR PROTECTIVE ORDER**

**HAIGHT, Senior District Judge:**

      On March 6, 2012, the defendant in this action, PRRC, Inc., filed a Motion for Protective Order Regulating Plaintiffs' Counsel's Contact with Former Store Manager Dan Reese (the "Motion") [Doc. 77]. The subject of the motion, Dan Reese, worked for Defendant as a Store Manager from January 2009 until he was fired on February 5, 2012. According to Defendant's counsel, James F. Glunt, Esq. of Ogletree, Deakins, Nash, Smoak and Steward. P.C. ("Ogletree Deakins"), Reese participated in a confidential discussion of the present litigation on December 19, 2011. Declaration of James F. Glunt ("Glunt Decl.") [Doc. 77-2] ¶ 4. Those present were Reese, Glunt, and an associate with Ogletree Deakins. *Id.* During that interview, elements of Defendant's litigation strategy were revealed to Reese. *Id.* at ¶ 5. Plaintiffs do not dispute this account. Plaintiffs' Opposition to the Motion ("Pl. Opp.") [Doc. 81] at 1-2.

      Sometime before February 29, 2012, Reese contacted Plaintiffs' counsel, Richard Hayber,

Esq., seeking legal advice. Defendant's Memorandum in Support of the Motion ("Def. Memo.") [Doc. 77-1] Ex. E at 2-3. On February 29, 2012, Hayber sent an email to Glunt and other attorneys at Ogletree Deakins informing them of Plaintiffs' intention to contact Reese as a potential witness for Plaintiffs. Def. Memo. Ex. A. Defendant's counsel then sent Plaintiffs' counsel a letter, dated March 1, 2012, objecting to any such contact under Rule 4.2 of the Connecticut Rules of Professional Conduct. *Id.* Ex. C. Defendant subsequently sent Plaintiffs a proposed Protective Order that would place limits on Plaintiffs' *ex parte* contacts with Reese. *Id.* Ex. E. Plaintiffs did not agree to these limits. Defendant filed the present Motion, attaching a proposed Protective Order (the "Proposed Order").

The positions that the parties have taken on the Proposed Order are not greatly different. Defendant concedes that the blanket prohibition in Rule 4.2 against contacts between a party's attorney and an opposing party represented by counsel does not apply to a former employee. Def. Memo. at 7-8. It argues instead that certain protections are necessary to preserve Defendant's attorney-client privilege, especially because Reese participated in an interview with Defendant's counsel during which elements of Defendant's litigation strategy were revealed. *Id*. Plaintiffs do not dispute that the attorney-client privilege is implicated or that such protections are necessary; in fact, Plaintiffs accept most of the conditions in the Proposed Order. Pl. Opp. at 3-4. The parties' disagreement comes down merely to certain particular provisions of the Proposed Order.

The Proposed Order is evidently based on the Protective Order issued by Magistrate Judge Margolis in *Weber v. Fujifilm Medical Systems, U.S.A.*, No. 3:10CV401, 2010 WL 2836720, at *4 (D.Conn. July 19, 2010). In that case, the defendants sought to prevent *ex parte* interviews between the plaintiff's counsel and twelve of the defendants' former employees. Judge Margolis found that

four employees were "off limits" because they had "extensive exposure to privileged communications and sustained access to the party's litigation strategy and the attorney's work product." *Id.* Judge Margolis held that the plaintiff could interview the other eight employees, but imposed six conditions on such interviews.

The Proposed Order incorporates all the conditions in Judge Margolis's order, *mutatis mutandis*, and adds five more:  (1) a requirement that Plaintiffs' counsel, at the outset of any communication with Reese, advise him that his prior communications with Defendant's counsel are privileged and may not be disclosed (¶ 4); (2) a requirement that in the event that Reese should disclose potentially privileged information to Plaintiffs' counsel, they will notify Defendant's counsel within 24 hours (¶ 4); (3) a reservation of Defendant's rights to assert any applicable privileges (¶ 6); (4) a requirement that Plaintiffs' counsel make written disclosure to defense counsel within 5 days of the date of the Order setting forth all dates on which Plaintiffs' counsel, any Plaintiff, or anyone acting on behalf of Plaintiffs discussed this litigation with Reese, along with related information (¶ 7); and (5) a requirement that Plaintiffs' counsel notify Defendant's counsel, in writing, within 24 hours after any *ex parte* communication with Reese has occurred (¶ 8).

Plaintiffs accept most of the provisions in the Proposed Order, including all of the provisions from the *Weber* order and some of the new ones. Pl. Opp. at 3-5. There remain five points of disagreement, which this Ruling will consider individually. The Protective Order filed herewith (the "Protective Order") reflects the Court's ruling on each of these points.

1. Plaintiffs oppose the requirement within ¶ 1 that Plaintiffs' counsel notify Reese of the names of those Plaintiffs who have filed Consents to Join in this action. On this issue, Plaintiffs' position is the reasonable one. Defendant's inclusion of this requirement is evidently based on a

provision in ¶ 1 of the *Weber* order, requiring that the plaintiff's counsel notify the former employees of the plaintiff's identity. In *Weber*, there was only one plaintiff, and it was natural for Judge Margolis to require his counsel to tell the subject employees who he was; indeed, that amounted to no more than disclosing part of the case caption. In the present action, however, Defendant has not provided a reason why Reese needs to know the identity of every Plaintiff who has filed a Consent form.

2. Plaintiffs wish to add a requirement to ¶ 3 that any communication from Defendant to Reese educating him about which prior communications are privileged be in writing and sent to Plaintiffs' counsel. However, a requirement that all such communications be in writing, banning any verbal exchange between Defendant's counsel and Reese about such issues, would be burdensome to Defendant and difficult for the Court to enforce. Moreover, it may be impossible for Defendant to provide such information to Plaintiffs' counsel without disclosing, at least to some extent, the substance of the privileged material. The Court declines to add that condition.

3. Plaintiffs oppose the requirement in ¶ 4 that Plaintiffs' counsel inform Defendant of any disclosure by Reese of potentially privileged information. On this point, Defendant's position is reasonable. Plaintiffs have agreed to the condition that they not "induce or listen to any privileged communications and must inform Mr. Reese to abstain from disclosing any privileged communications should it appear to Plaintiff[s'] counsel that a disclosure is about to or has occurred." Presumably the notification requirement is intended to deal with a case in which Reese without warning discloses privileged information that Plaintiffs have not sought. Although the instructions given to Reese will no doubt render this eventuality unlikely, Defendant's desire to be informed of any disclosures of privileged information that occur outside its presence is

4

understandable. The Court adopts this condition with some change in wording for precision. Also, this requirement contradicts the requirement that Plaintiffs' counsel not "listen to" any privileged communications. The Court accepts Defendant's version but with the following change: "Plaintiffs' counsel shall not make any efforts to induce or listen to any privileged communications..." is replaced with "Plaintiffs' counsel shall not make any efforts to induce Mr. Reese to disclose privileged information or make any use of such information if disclosed..."

4. Plaintiffs oppose the requirement in ¶ 7 that, within 5 days of the date of the Protective Order, Plaintiffs' counsel make a disclosure setting forth the dates of past contacts with Reese, along with related information, and a summary of each discussion. Defendant does not explain why it needs this information, or what it would do with this information if it were provided. Def. Memo. at 10-11. Defendant's sole justification for the provisions requiring Plaintiffs to give it the information described in ¶¶ 7-8 is that those provisions "will allow Price Rite the opportunity to, *inter alia*, immediately contact Mr. Reese after any communication with Plaintiffs' counsel, while the details of the communication are fresh in Mr. Reese's mind, to investigate whether any disclosure of Price Rite's privileged infromation occurred." *Id.* There is no explanation of why this applies to past contacts. Defendant will in any case be able to inquire with Mr. Reese about past contacts. If Defendant intends to make any use of this information, that use is buried within the words "*inter alia*." As to the requirement that Plaintiffs identify the date on which an attorney-client relationship was formed between their counsel and Reese, Plaintiffs' counsel has already answered that question and informed Defendant that no such relationship has been formed. Def. Memo. Ex. E at 2. However, if such a relationship *is* formed in the future, the propriety of that relationship would be a matter of concern, given Reese's involvement in defense strategy, though the Court expresses no

view on that issue in this Ruling.  It is reasonable to require Plaintiffs' counsel to notify both Defendant and this Court of the fact that such a relationship has formed, if that occurs.

5. Plaintiffs oppose the requirement in ¶ 8 that their counsel provide Defendant's counsel with written notice of *ex parte* communications with Reese.  Defendant wants this information in order to inquire with Reese, after such a contact, to determine if a breach of privilege has occurred.  Def. Memo. at 10-11.  Plaintiffs make no argument on this point, merely the conclusory assertion that "Defendant has no right to this information."  Pl. Opp. at 5.  Since the notification would occur after the *ex parte* communication, Plaintiffs need not worry that Defendant will contact Reese before that communication takes place.  This condition would not require Plaintiffs to provide any information about the communication, but merely to state that it occurred. Reese is not merely a witness, but a former manager of Defendant's who was privy to defense strategy.  Under these circumstances, it is reasonable for Defendant to want protections beyond those that would usually be afforded.

Based on the following, the Court issues herewith a Protective Order, embodying Defendant's proposal as modified above.

It is SO ORDERED.

New Haven, Connecticut
April 11, 2012

                                           /s/ *Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge