UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER ZANIEWSKI, individually and on behalf on other similarly situated Assistant Store Managers, et al.,<br><br>Plaintiffs,<br>v.<br><br>PRRC INC., d/b/a PriceRite<br><br>Defendant. | 3:11-CV-01535 (CSH) |

### RULING ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFF PETER ZANIEWSKI

On January 4, 2012, Defendant filed a Motion for Judgment on the Pleadings (the "Motion") [Doc. 42] against plaintiff Peter Zaniewski under Rule 12(c) of the Federal Rules of Civil Procedure. The Motion presents the question of whether Zaniewski is unable to assert his claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), as a consequence of events in his personal bankruptcy petition, Petition No. 10-21342 (Bankr. D. Conn.) (the "Petition"). In a motion under Rule 12(c), the Court accepts all the allegations in the complaint as true and construes them in the light most favorable to the non-moving party, *i.e.*, Zaniewski. *Patel v. Searles*, 305 F.3d 130, 133-34 (2d Cir. 2002).

Zaniewski worked as an assistant store manager (ASM) for Defendant from approximately November 30, 2009 to June 12, 2010, when he was promoted to manager. Third Amended Collective and Class Action Complaint ¶ 13. On April 23, 2010, Zaniewski filed the Petition. *Id.* ¶ 14. He concedes that his pre-petition claims belong to the bankruptcy estate, and claims

1

compensation only for overtime unpaid during the period between April 23, 2010 and June 12, 2010. *Id.* The parties are in agreement that the only question presented is whether Zaniewski may assert claims for the period from April 23, 2010 to June 12, 2010. Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings Regarding Plaintiff Peter Zaniewski ("Supp. Memo.") [Doc. 42-1] at 13; Plaintiffs' Opposition to Defendant's Motion for Judgment on the Pleadings Regarding Plaintiff Peter Zaniewski ("Opp. Memo.") [Doc. 50] at 3.[1]

Defendant makes two arguments in favor of its position that Zaniewski may not assert such claims: (1) he is judicially estopped from doing so because he did not list them in the Petition, and (2) he lacks standing to bring them because they now belong to his bankruptcy estate. Supp. Memo. at 1. For clarity of exposition, the standing issue is addressed first, since the outcome of that issue determines the outcome of the estoppel issue.

The question presented by Defendant's claim that Zaniewski lacks standing is whether that portion of Zaniewski's overtime claims that accrued after he filed his bankruptcy petition belong to him or to the bankruptcy estate. If they belong to the estate, he no longer owns any claims in this action and lacks standing to pursue it.

The general rule is that post-petition property will become property of the estate only if it is "sufficiently rooted in the pre-bankruptcy past." *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (internal citation omitted). The question here is whether overtime claims that accrued post-petition are "sufficiently rooted in the pre-bankruptcy past" if there was also unpaid

---

[1] Plaintiffs presented two affidavits in opposition to the Motion and cited them in their opposition brief. *See, e.g.,* Opp. Memo. at 2. Because the affidavits are evidence outside the pleadings, if the Court were not to exclude them, Fed. R. Civ. P. 12(d) would require the Court to convert the Motion into a motion for summary judgment. However, the Motion can be resolved without reference to the affidavits.

overtime in the pre-petition period. That question was raised in *Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395-97 (E.D.N.Y. 2007). In *Rivera*, the plaintiff alleged that the defendant failed to pay her overtime from 1999 to 2006, but brought a claim only for overtime that accrued after November 14, 2000, the date on which she filed a bankruptcy petition. *Id.* at 395 n. 15. The court held that the plaintiff's overtime claims "are not sufficiently rooted in her pre-bankruptcy past to become property of the bankruptcy estate." *Id.* at 396. "Unlike other cases in which claims have been held to be rooted in the pre-bankruptcy past, plaintiff's allegations that she performed overtime work are maintainable without any reference to her pre-bankruptcy past. Although plaintiff will need to refer to some pre-petition events in order to prove her wages ... these events are not for these purposes related to plaintiff's allegations that she was not compensated for overtime work." *Id.* at 396-97. A court in another circuit also reached the conclusion that overtime claims that accrue post-petition are not part of the bankruptcy estate, because such claims accrue with each paycheck. *Nehmelman v. Penn Nat'l Gaming, Inc.*, 790 F.Supp.2d 787, 792-93 (N.D. Ill. 2011).

    The position adopted by the *Rivera* and *Nehmalman* courts is reasonable. Defendant's alleged failure to pay overtime compensation to Zaniewski after April 23, 2010 creates a claim that is distinct from the claim arising from its alleged failure to pay such compensation before that date. There is no reason why the damages, if any, could not be divided so that the estate obtains damages covering the pre-petition period and Zaniewski obtains damages covering the post-petition period. Therefore, the Court finds that Zaniewski possesses standing to bring the claim he has filed.

    The answer to the standing argument provides the answer to the estoppel argument. Zaniewski was only required to list property that fell under the bankruptcy estate, not after-acquired property. *Chartschlaa* at 122. Thus, Zaniewski's failure to list claims for overtime that had not yet

come into existence does not constitute an inconsistent position that would justify judicial estoppel. *See, e.g., Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) (a party seeking judicial estoppel must show that the other party took an inconsistent position).[2]

Defendant perhaps argues that Zaniewski's failure to list his existing overtime claims in the Petition constituted a deliberate deception on the Bankruptcy Court of such seriousness that he should not be permitted to recover even on claims that are not part of the bankruptcy estate. However, even if a deliberate deception would have such an effect on claims outside the estate, Defendant has not provided the Court with any reason to believe that the failure to list the pre-petition claims was deliberate rather than inadvertent. As Defendant observes, Zaniewski did not commence this action, and thereby indicate knowledge of the claims, until October 6, 2011, roughly eighteen months after he filed the Petition. Supp. Memo. at 3.[3]

The situation here is different from the situation underlying the decision on which Defendant principally relies, *Alli v. Boston Market*, No. 3:10-cv-0004 (JCH), 2011 WL 3924246, at *2-3 (D.Conn. Sept. 7, 2011). In *Alli*, as here, the plaintiff was one of the named plaintiffs in a class action bringing claims under, *inter alia*, the FLSA. The period during which the plaintiff's unpaid overtime claim accrued ended in 2008, and she filed for bankruptcy in June 2009. Thus, in *Alli* the claims at issue had already accrued when the plaintiff filed the petition that did not mention them.

---

[2] Two courts in other circuits have found estoppel in similar circumstances, making no distinction between pre- and post-petition overtime claims. *Gaskins v. Thousand Trails, LP*, 521 F.Supp.2d 693, 697 (S.D.Ohio 2007); *Family Dollar FLSA Litig.*, No. 3:08-MC-1932, 2011 WL 4899972, at *2-3 (W.D.N.C. Oct. 14, 2011). In neither case did the court provide a satisfactory explanation of its failure to make that distinction.

[3] The present case does not raise the question of whether judicial estoppel is appropriate in a case involving a good faith failure to disclose assets in a bankruptcy proceeding, a question that the Second Circuit has not yet decided, *Galin v. I.R.S.*, 563 F.Supp.2d 332, 340 (D.Conn. 2008), because Zaniewski was not required to disclose a then-nonexistent asset.

It was her failure to list existing claims, not future claims, that triggered judicial estoppel.

As for the claims that belong to the estate, by Defendant's account Zaniewski *has* disclosed them to the Bankruptcy Court. Defendant notes that on October 11, 2011, Zaniewski's bankruptcy trustee moved to reopen the bankruptcy case "for administration of an asset of estate which he learned of only after his submission of a report of no distribution, the entry of a Discharge of the Debtor, and the closing of the case ... Trustee has been notified that [Zaniewski] will be a plaintiff in a class action lawsuit under the Fair Labor Standards Act against is [sic.] former employer covering at least the period from November 6, 2009 to the petition date." Supp. Memo. at 3-4, *citing* Docket No. 24 in the bankruptcy matter.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [Doc. 42] is denied.


New Haven, Connecticut
April 20, 2012

                                                                     /s/ *Charles S. Haight, Jr.*
                                                                     Charles S. Haight, Jr.
                                                                     Senior United States District Judge